UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEANNA KING, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )    No. CIV-25-1274-R |
| | ) |
| PROFRAC SERVICES LLC, | ) |
| | ) |
|        Defendant. | ) |

## **ORDER**

In this diversity action removed from state court, Plaintiff seeks monetary damages from her former employer after her claim for unemployment benefits was denied. The employer, Defendant ProFrac, moves for dismissal under Fed. R. Civ. P. 12(b)(6) [Doc. No. 6] for failure to state a claim. Plaintiff responded in opposition [Doc. No. 7] and the matter is now at issue.

Plaintiff alleges that the Oklahoma Employment Security Commission denied her claim for unemployment benefits because ProFrac failed to pay its unemployment contributions as required by Oklahoma law. She seeks monetary damages against ProFrac and asserts a single claim for "failure to procure unemployment benefits." ProFrac contends that Oklahoma's Employment Security Act of 1980, Okla. Stat. tit. 40, §§ 1-101 et seq., provides a comprehensive administrative scheme that governs unemployment benefits and there is no private right of action allowing a former employee to sue an employer that failed to make the required unemployment contributions.

1

"The purpose of the Employment Security Act is to set up a system of public employment offices and an unemployment compensation fund to assist Oklahoma's unemployed citizens." *Karnes v. Boeing Co.*, 335 F.3d 1189, 1194 (10th Cir. 2003) (citing Okla. Stat. tit. 40 § 1–102(1)). The fund is financed through contributions from employers, and the Act empowers the Oklahoma Employment Security Commission to collect delinquent employer contributions and impose penalties and interest. *See* Okla. Stat. tit. 40 §§ 3-101, 3-102, 3-301, 3-302, 3, 501, 3-601. The Oklahoma Employment Security Commission is also charged with making the determination as to whether, and in what amount, a claim for benefits is owed to an unemployed individual. *Id.* at §§ 2-203; 2-504. The OESA further provides "an administrative remedy to enforce one's right to benefits under the OESA, including a process for challenging the denial of unemployment benefits." *Owens v. Zumwalt*, 503 P.3d 1211, 1215 (Okla. 2022) (citing Okla. Stat. tit. 40 §§ 2-601 – 2-619).

ProFrac argues that although Plaintiff may challenge the denial of unemployment benefits through the OESA's administrative appeal process, the OESA does not explicitly or implicitly confer a private right of action that allows a former employee to sue an employer for non-payment of unemployment contributions.

Plaintiff does not identify any provision in the OESA that permits an award of damages to a former employee in the event that an employer fails to make the required contributions. "While the Act authorizes the Oklahoma Employment Security Commission to sue and collect delinquent contributions, 40 Okla. Stat. § 3-309, it does not expressly provide for a private right of action." *Jones v. Needham*, No. CIV-15-0978-HE, 2016 WL

2

2659618, at *3 (W.D. Okla. May 6, 2016) (overruled in part on other grounds). Further, both the text of the statute and relevant Oklahoma case law indicates that there is no implied private right of action against the employer.

In *Owens v. Zumwalt*, 503 P.3d 1211, 1215 (Okla. 2022), the Oklahoma Supreme Court considered whether a group of Oklahoma citizens could pursue a lawsuit seeking to enforce a specific provision of the OESA. The Oklahoma Supreme Court explained that it uses a three-part test to determine whether a regulatory statute, like the OESA, implies a private right of action:

> (1) the plaintiff is one of the class for whose especial benefit the statute was enacted; (2) some indication of legislative intent, explicit or implicit, suggests that the Legislature wanted to create a private remedy and not to deny one; and (3) implying a remedy for the plaintiff would be consistent with the underlying purposes of the legislative scheme.

*Id.* The Court ultimately found "nothing" in the challenged provision indicating that "the Legislature intended, either explicitly or implicitly, to create a private remedy to enforce the OESA." *Id.* The Court further explained that the OESA "provide[s] an administrative remedy to enforce one's right to benefits under the OESA, including a process for challenging the denial of unemployment benefits" and "[i]mplying a private right of action would undermine [this] administrative scheme." *Id.* Although *Owens* dealt with an attempt to enforce a specific provision of the OESA, its holding strongly suggests that a plaintiff seeking to recover unemployment benefits from an employer is limited to pursuing the administrative remedy set out in the OESA.

Plaintiff may well be within the class of people for whose benefit the OESA was enacted, but there is ultimately no indication that the legislature intended to use the statute

3

to create a private remedy with regard to an employer's obligation to make contributions to the unemployment compensation fund. Rather, the OESA indicates that the Oklahoma Employment Security Commission, not an individual plaintiff, has the right to pursue an employer for payment of the required unemployment contributions. *See Jones*, 2016 WL 2659618, at *3 ("And considering the text and structure of the OESA the court can discern no legislative intent to provide a private remedy."); *Thomas v. Metro. Life Ins. Co.*, 540 F. Supp. 2d 1212, 1230 (W.D. Okla. 2008) ("When a statute grants enforcement authority to an administrative agency or officer, this grant implies the legislature did not intend to provide a private right of action.").

In an attempt to distinguish her case from *Owens*, Plaintiff argues that she is not seeking to enforce the statute but is merely seeking "the benefit from [her] former employer, that being unemployment benefits." This argument only reinforces ProFrac's position. If, as Plaintiff contends, she is seeking unemployment benefits, she must pursue those benefits through the comprehensive administrative scheme outlined in the OESA, not through a separate proceeding against the employer.

For the reasons stated above, the Court finds that Plaintiff has failed to state a plausible claim. Accordingly, ProFrac's Motion to Dismiss is GRANTED and this action is dismissed.

IT IS SO ORDERED this 9th day of December 2025.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE